FILED
2012 Jul-23  PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **BERYL CRUTCH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 3:12-CV-827-PWG |
| | ) |
| **LAWRENCE COUNTY BOARD OF** | ) |
| **EDUCATION; HEATH GRIMES;** | ) |
| **JEAN HOWARD,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.**   **Introduction**

Plaintiff Beryl Crutch ("Ms. Crutch") initiated this job discrimination action arising under federal law against Defendants Lawrence County Board of Education (the "BOE"), Heath Grimes ("Mr. Grimes"), and Jean Howard ("Ms. Howard") on March 15, 2012.  (Doc. 1).  Pending before this court are the objections (Doc. 9) filed by Defendants, on May 31, 2012, to the report and recommendation (the "R & R") (Doc. 8) entered on May 17, 2012, which recommends that Defendants' Motion To Dismiss (Doc. 4) (the "Motion") filed on April 9, 2012, be granted in part and denied

in part.[1]  More specifically, the R & R proposes that the Motion should be denied "against all Defendants for racially discriminatory discharge in violation of the Equal Protection Clause" and granted as to all other claims.  (Doc. 8 at 25).

On June 5, 2012, this case was reassigned to the undersigned to review the suggested rulings in the R & R.  (Doc. 44).  Ms. Crutch filed a response (Doc. 12) to Defendants' objections on June 20, 2012.  The matter is now under submission, and, for the reasons explained below, the R & R is due to be accepted in part and rejected in part.

## II.   Standards

### A.   Rule 12(b)(6)

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8

---

[1] The parties have not consented to the jurisdiction of the magistrate judge.  Therefore, in accordance with 28 U.S.C. § 636(b), the magistrate judge entered a report and recommendation.

does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

3

defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### B. Review of Reports and Recommendations

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[2] The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). In contrast, those portions of the R & R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir.

---

[2]The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir.2009) (discussing the continuing validity of *Nettles*).

2006).³

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See, e.g.*, *United States v. Pilati*, 627 F.3d 1360, 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176

---

³ *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

(11th Cir. 2006); *see also Williams v. McNeil*, 557 F. 3d 1287, 1292 (11th Cir. 2009) (same).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id*. (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

### III. Analysis

#### A. Uncontested Claims

Ms. Crutch's complaint contains six separate counts. (*See generally* Doc. 1). Based upon her response to Defendants' objections, Ms. Crutch consents to the dismissal of the five following claims: count I for harassment; count II for due process; count III for disparate treatment under Title VII; count IV for retaliation; count V for age discrimination; and count VI for intentional infliction of emotional distress.

Moreover, the court agrees with the magistrate judge's analysis concerning

these claims' lack of merit. Accordingly, that portion of the R & R is **HEREBY ADOPTED** by the court.

### B.   Contested Claim

The only claim in dispute by the parties is that of racially discriminatory discharge in violation of the Equal Protection Clause pursuant to 42 U.S.C. § 1983. Defendants have objected to the R & R which would allow Ms. Crutch to proceed under such a theory on the grounds that Ms. Crutch has not adequately pleaded a viable equal protection claim against any of them.[4]

While the court is in agreement with Defendants about Ms. Crutch's deficiently-pled equal protection theory,[5] it, due to the "closely related"[6] nature of disparate treatment under Title VII and equal protection claims brought pursuant to

---

[4] Defendants also contend that neither Ms. Howard, the school principal, nor Mr. Grimes, the superintendent, can be subject to an equal protection claim because they lack the requisite decision-making authority with respect to Ms. Crutch's discharge. The court rejects these arguments as underdeveloped, unpersuasive, and premature, at this pleadings stage. In particular, the court points out that the primary case upon which Defendants rely to support these contentions, *i.e.*, *Kamensky v. Hillsborough County*, 148 Fed. App'x 878 (11th Cir. 2005), is an unpublished opinion decided by the Eleventh Circuit on a summary judgment record involving a claim of free speech retaliation by a non-teacher public employee.

[5] *See, e.g., Quinn v. Monroe County*, 330 F.3d 1320, 1325 (11th Cir. 2003) ("Municipal liability may arise with regards to an employment decision, such as a termination, provided that the decisionmaker 'possesses final authority to establish municipal policy with respect to the action ordered.'" (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L. Ed.2d 452 (1986))).

[6] *Bass v. Board of County Com'rs*, 256 F.3d 1095, 1103 (11th Cir. 2001).

§ 1983 <u>and</u> Ms. Crutch's general reliance upon § 1983 in her complaint (Doc. 1 § 2), nevertheless concludes that Ms. Crutch should be permitted <u>one</u> opportunity to replead her complaint limited to a discriminatory discharge/equal protection case against Defendants.  Accordingly, the court **REJECTS** the R & R to the extent that it denies the Motion on equal protection and, instead, dismisses the complaint as currently pled, but allows Ms. Crutch the right to replead her case consistent with *Twombly*'s plausibility standard and Rule 8's pleading requirements, <u>in a non-shotgun format, *i.e.*, separately as to each defendant under equal protection pursuant to § 1983 no later than August 20, 2012</u>.  Further, in repleading her case, if Ms. Crutch elects to pursue an equal protection claim against either Mr. Grimes or Ms. Howard, then she must also clarify within each separate count whether she is suing such person in his or her individual capacity, official capacity, or both.

## IV.   Conclusion

Therefore, the R & R is **HEREBY REJECTED** as it pertains to the magistrate judge's recommendation to deny the Motion on Ms. Crutch's equal protection claim. Instead, that claim is **HEREBY DISMISSED WITHOUT PREJUDICE** to Ms. Crutch's right to plead it against each defendant in a separate count in a new pleading consistent with *Twombly*'s plausibility standard, Rule 8's pleading requirements, and the court's instructions in this order no later than August 20, 2012.  Otherwise, the

R &R is **HEREBY ADOPTED**, and all other claims included in the Motion are **HEREBY DISMISSED WITH PREJUDICE**. Finally, this case is **HEREBY REFERRED** back to the magistrate judge for further proceedings consistent with this opinion.

**DONE** and **ORDERED** this the 23rd day of July, 2012.

                                                                              _____
                                                                              **VIRGINIA EMERSON HOPKINS**
                                                                              United States District Judge